UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BILL GRAVES and MINERVA LOPEZ, on behalf of themselves and all persons similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC. DBA CHECK 'N GO and Does 1 through 100 inclusive,<br><br>　　　　　　Defendants. | Case No:  C 13-1159 SBA<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE CLASS ALLEGATIONS**<br><br>Docket 19 |

　　　Plaintiffs Bill Graves ("Graves") and Minerva Lopez ("Lopez") (collectively, "Plaintiffs") bring the instant action on behalf of themselves and a putative class of similarly situated persons against Defendant Southwestern & Pacific Specialty Finance, Inc., dba Check 'N Go ("Defendant"), alleging that Defendant made consumer loans in violation of California Financial Code § 22000 et seq.[1] and California Business and Professions Code § 17200 et seq. See Compl., Dkt. 1.  The parties are presently before the Court on Defendant's motion to dismiss and motion to strike the class actions.  Dkt. 19. Plaintiffs oppose the motions.  Dkt. 22.  Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby GRANTS Defendant's motion to dismiss, and DENIES Defendant's motion to strike the class allegations, for the reasons stated below.  The Court, in its discretion, finds these matters

---

[1] This division is known as the "California Finance Lenders Law."  See Cal. Fin. Code § 22000.

suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

Defendant is a corporation based in Ohio and does business throughout California.  Compl. ¶ 2.  Defendant offers California residents deferred deposit loans, commonly referred to as "payday loans," and installment loans  Id. ¶ 12.  Although Defendant has "stores" in California, it offers a substantial percentage of its loans over the Internet through its website.  Id.

Plaintiffs are California residents.  Compl. ¶ 1.  On January 5, 2013, Graves entered into an Installment Loan Agreement ("Loan Agreement") with Defendant.  Id. ¶ 26.  The Loan Agreement provides that Graves will receive a loan of $5,000 and is required to repay principal and interest in 26 installment payments from January 31, 2013 to January 16, 2014.  Id.  It also provides an APR (i.e., annual percentage rate) of 217.02% and finance charges of $8,057.09.  Id.  Graves obtained his loan after completing an online application on Defendant's website.  Id. ¶ 28.  Plaintiffs allege that portions of Graves' loan application appeared as "pop- ups" on his computer monitor, and that he was required to click on boxes to signify that he had "signed" the agreement.  Id.  According to Plaintiffs, Graves' Loan Agreement is procedurally unconscionable and contains substantively unconscionable terms, including the amount of the finance charges and the APR.  Id. ¶ 30.  As of the date the complaint was filed, Graves had paid at least $502 towards the amount owed under the Loan Agreement.  Id. ¶ 35.

On December 22, 2012, Lopez entered into a Loan Agreement with Defendant.  Compl. ¶ 27.  The Loan Agreement provides that Lopez will receive a loan of $2,600 and is required to repay principal and interest in 10 installment payments from January 20, 2013 to October 20, 2014.  Id.  It also provides an APR of 198.17% and finance charges of $2,856.82.  Id.  Lopez obtained her loan after completing an application at one of Defendant's stores.  Id. ¶ 29.  According to Plaintiffs, Lopez's Loan Agreement is procedurally unconscionable and contains substantively unconscionable terms, including

the amount of the finance charges and the APR. Id. ¶ 30. As of the date the complaint was filed, Lopez had paid at least $545 towards the amount owed under the Loan Agreement. Id. ¶ 35.[2]

On February 20, 2013, Plaintiffs commenced the instant action in the Superior Court of California, County of Alameda, alleging claims for violation of California Financial Code § 22000 et seq., and California Business and Professions Code § 17200 et seq. See Compl. On March 14, 2013, Defendant removed the action to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Notice of Removal, Dkt. 1. The parties are now before the Court on Defendant's motion to dismiss and motion to strike the class allegations. Dkt. 19. Plaintiffs oppose the motions. Dkt. 24.

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(6)

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.' " Zixiang Li v. Kerry, 710 F.3d 995, 998-999 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Where a complaint or claim is dismissed, "[l]eave to amend should be granted unless the district court determines that the

---

[2] Plaintiffs allege that Defendant offered, originated or made installment loans to Class Members during the Class Period. Compl. ¶ 37. In each of those instances, Defendant allegedly used a substantially similar Loan Agreement and imposed finance charges amounting to at least 180% APR and more commonly over 200% APR. Id. Plaintiffs also allege that, in each of those instances, the Loan Agreement was an adhesion contract and procedurally unconscionable, and that the APR of the loan made the loan substantively unconscionable. Id.

pleading could not possibly be cured by the allegation of other facts." Knappenberger v. City of Phoenix, 566 F.3d 936, 942 (9th Cir. 2009).

### B. Motion to Strike Class Allegations

Under Rule 12(f), the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010). Rule 12(f) motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delay tactic. See California Dept. of Toxic Substances Control v. Alco Pacific, Inc., 217 F.Supp.2d 1028, 1033 (C.D. Cal. 2002). Motions to strike are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation. In re Wal-Mart Stores, Inc. Wage and Hour Litigation, 505 F.Supp.2d 609, 614 (N.D. Cal. 2007). Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike. Id.

A court may "strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained." Tietsworth v. Sears, 720 F.Supp.2d 1123, 1146 (N.D Cal. 2010); Sanders v. Apple Inc., 672 F.Supp.2d 978, 990 (N.D. Cal. 2009); see Fed.R.Civ.P. 23(d)(1)(D) (In a class action, a court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."). However, motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for arguments pertaining to the class allegations. See Thorpe v. Abbott Laboratories, Inc., 534 F.Supp.2d 1120, 1125 (N.D. Cal. 2008); Kazemi v. Payless Shoesource Inc., 2010 WL 963225, at *2 (N.D. Cal. 2010); see also In re Wal-Mart Stores, 505 F.Supp.2d at 614-615 ("Generally, courts review class allegations through a motion for class certification."). The

decision as to whether to strike allegations is a matter within the Court's discretion. Biggins v. Wells Fargo & Co., 266 F.R.D. 399, 406 (N.D. Cal. 2009).

## III. DISCUSSION

### A. Motion to Dismiss

Plaintiffs' first claim for relief alleges that Defendant violated the California Finance Lenders Law by offering loans that are procedurally unconscionable and that contain substantively unconscionable terms, including the amount of the finance charges and the APR. See Compl. ¶¶ 22, 26-28, 30, 32-34. Specifically, Plaintiffs allege that Defendants violated § 22302 of the California Financial Code, which provides that "[a] loan found to be unconscionable pursuant to Section 1670.5[3] of the Civil Code shall be deemed to be in violation of this division and subject to the remedies specified in this division." Cal. Fin. Code § 22302(b) (footnote added). Section 22713 of the California Financial Code provides that willful violators of the statute "shall be liable for a civil penalty not to exceed two thousand five hundred dollars ($2,500) for each violation, which shall be assessed and recovered in a civil action brought in the name of the people of the State of California by the commissioner[4] in any court of competent jurisdiction." Cal. Fin. Code § 22713(c) (footnote added).

Defendant contends that dismissal of Plaintiffs' first claim for relief is appropriate because there is no private right of action under § 22302. Def.'s Mtn. at 7. Defendant

---

[3] Section 1670.5 of the California Civil Code provides:

> If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

Cal. Civ. Code § 1670.5(a). Section 1670.5 does not "create an affirmative cause of action but merely codifies the defense of unconscionability." See Dean Witter Reynolds, Inc., v. Superior Court, 211 Cal.App.3d 758, 766 (1989); California Grocers Assn. v. Bank of America, 22 Cal.App.4th 205, 217 (1994).

[4] " 'Commissioner' means the Commissioner of Business Oversight." Cal. Fin. Code § 22005.

argues that while the statute provides for government enforcement, it does not provide for a private right of action. Id. According to Defendant, § 22302 is a defense to the enforcement of a contract, not an affirmative claim. Id.

The California Finance Lenders Law provides for enforcement of its provisions by the Commissioner of Business Oversight or the Attorney General. See Cal. Fin. Code § 22713. Plaintiffs have not cited any portion of the statute that expressly provides for private enforcement. Nor have Plaintiffs cited any decisional authority holding that a private right of action exists under the California Finance Lenders Law. Courts considering this issue have concluded that there is no private right of action to enforce a violation of § 22302. See Soares v. ReconTrust Co., N.A., 2012 WL 1901234, at *4 (N.D. Cal. 2012) (dismissing claim brought under § 22302 because the statute does not provide a private right of action); Cazares v. Household Finance Corp., 2005 WL 6418178, at *12 (C.D. Cal. 2005) (same); see also GMAC Commercial Finance LLC v. Superior Court, 2003 WL 21398319, at *5 (2003) ("[T]he California Finance Lenders Law provides for enforcement of its provisions only by the Commissioner or the Attorney General. The Law makes no provision for private enforcement.") (citation omitted) (unpublished opinion). Accordingly, because there is no private right of action under the California Finance Lenders Law, Defendant's motion to dismiss Plaintiffs' first claim for relief is GRANTED without leave to amend.

**B.    Motion to Strike Class Allegations**

Defendant contends that an order striking the class allegations is appropriate for three reasons. First, Defendant argues that because all of the putative class members except the Plaintiffs and four other individuals have entered into binding arbitration agreements, Plaintiffs cannot satisfy Rule 23(a)'s numerosity requirement if the putative class members who signed binding arbitration agreements are excluded from the class. Def.'s Mtn. at 10-11, 13-14. Second, Defendant argues that because Plaintiffs have rejected the arbitration agreement contained in their Loan Agreements, they are neither typical of putative class members who signed the arbitration agreement nor are they adequate representatives of

those class members. Id. at 11-12, 14. Third, Defendant argues that Plaintiffs cannot satisfy the requirements of Rule 23(b)(3) because "it is clear that class treatment is not the superior method of adjudication in the present action, where nearly all of the absent class members signed Arbitration Agreements, and litigation would necessarily be devoted to enforcement of those agreements (an issue not even involving named Plaintiffs) rather than the merits of Plaintiffs' claims." Id. at 14-15.

In support of these arguments, Defendant relies on the declaration of Roger Dean, Defendant's Chief Financial Officer. Dean Decl. ¶ 1, Dkt. 22. Dean avers that each of the named Plaintiffs as wells as four other putative class members rejected the arbitration agreement contained in their Loan Agreement applications. Id. ¶¶ 11-13. Dean further avers that, other than these six individuals, no putative class member rejected the arbitration agreement. Id. ¶ 14. In response, Plaintiffs argue that Defendant's motion to strike should be denied because it is predicated on extrinsic evidence that cannot be considered by the Court in ruling on the motion. The Court agrees.

The grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed. In re Toyota Motor Corp., 790 F.Supp.2d 1152, 1170 (C.D. Cal. 2011); SEC v. Sands, 902 F.Supp. 1149, 1165 (C.D. Cal. 1995). While class allegations may be stricken at the pleading stage, the granting of a motion to dismiss or strike class allegations before discovery has commenced should be done rarely. See In re Wal-Mart Stores, 505 F.Supp.2d at 615 (noting that the better course is to deny such a motion because the shape and form of a class action evolves through the process of discovery).

In reply, Defendant does not argue that the facts in the Dean declaration are subject to judicial notice. Nor has Defendant cited any authority holding that it is appropriate for the Court to consider the Dean declaration in ruling on its motion to strike. Other than the Dean declaration, Defendant offers no basis for the Court to strike the class allegations. Defendant does not argue, let alone show, that its motion to strike should be granted solely

1  based on the allegations in the complaint.[5]  Thus, Defendant has failed to demonstrate that
2  the class allegations should be stricken.
3        While Defendant's arguments may ultimately prove to be persuasive, the Court finds
4  that Defendant's motion to strike is premature given that Defendant has not filed an answer
5  to the complaint, discovery has not yet commenced, and no motion for class certification
6  has been filed.  See In re Wal-Mart Stores, 505 F.Supp.2d at 615-616 (finding that a motion
7  to dismiss class allegations was premature where the defendant had not answered the
8  complaint, discovery had not yet commenced, and no motion for class certification had
9  been filed); Cholakyan v. Mercedes-Benz USA, LLC, 796 F.Supp.2d 1220, 1246 (C.D. Cal.
10 2011) (finding that a motion to strike class allegations was premature where defendant had
11 not filed an answer and discovery had not begun).  In the absence of discovery and the
12 presentation of specific arguments from both parties concerning class certification, the
13 Court lacks sufficient information to rule on the propriety of the class allegations.  See In re
14 Wal–Mart Stores, 505 F.Supp.2d at 615 ("In the absence of any discovery or specific
15 arguments related to class certification, the Court is not prepared to rule on the propriety of
16 the class allegations and explicitly reserves such a ruling").
17       Though Defendant points out potential difficulties for Plaintiffs in certifying the
18 proposed class, Defendant has not shown that these concerns justify striking the class
19 allegations at this early stage of the proceedings.  Defendant's arguments regarding the
20 class allegations are essentially arguments in opposition to a class certification motion that
21 has yet to be filed.  These arguments are best addressed at the class certification stage after
22 the parties have had an opportunity to conduct discovery and Plaintiffs have filed a motion
23 for class certification.  Accordingly, Defendant's motion to strike the class allegations is

---

[5] The Court notes that the complaint does not allege that the Loan Agreements entered into by Plaintiffs and putative class members contain an arbitration provision. Moreover, even assuming the agreements contain such a provision, there are no allegations in the complaint supporting Defendant's contention that all putative class members except Plaintiffs and four others signed the arbitration agreement.

DENIED without prejudice.  Defendant may move to strike the class allegations at the close of discovery or after a motion for class certification has been filed.

## IV.    CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.    Defendant's motion to dismiss is GRANTED.  Plaintiffs' first claim for relief is dismissed with prejudice.

2.    Defendant's motion to strike class allegations is DENIED without prejudice.

3.    This Order terminates Docket 19.

IT IS SO ORDERED.

Dated: 11/4/2013

SAUNDRA BROWN ARMSTRONG
United States District Judge

- 9 -