LAKESHORE LAW CENTER
Jeffrey Wilens, Esq. (CA Bar # 120371)
18340 Yorba Linda Blvd., Suite 107-610
Yorba Linda, CA 92886
Telephone:      714-854-7205
Facsimile:      714-854-7206 (fax)
Email:          jeff@lakeshorelaw.org
Attorney for Plaintiffs
BILL GRAVES and MINERVA LOPEZ

SQUIRE SANDERS (US) LLP
Mark C. Dosker (CA Bar #114789)
Carrie E. Jantsch (CA Bar #284877)
275 Battery Street, Suite 2600
San Francisco, CA  94111
Telephone:  415-954-0200
Facsimile:  415-393-9887
Email:       mark.dosker@squiresanders.com
             carrie.jantsch@squiresanders.com

SQUIRE SANDERS (US) LLP
Amy L. Brown (admitted *pro hac vice*)
1200 19th Street, N.W., Suite 300
Washington, D.C. 20036
Telephone:  202-626-6600
Facsimile:  202-626-6780
Email:       amy.brown@squiresanders.com

Attorneys for Defendant
SOUTHWESTERN & PACIFIC SPECIALTY
FINANCE, INC. dba CHECK 'N GO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BILL GRAVES and MINERVA LOPEZ, on behalf of themselves and all persons similarly situated, | Case No.: CV 13-1159-SBA |
| | (Related to Case No. CV 12-05797-SBA) |
| Plaintiffs, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC. dba CHECK 'N GO, AND Does 1 through 100, inclusive, | |
| Defendants. | |

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting This Litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

**2.     DEFINITIONS**

2.1     Challenging Party:    a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items:   information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or other applicable law.

2.3     Counsel (without qualifier):  Outside Counsel of Record and In-house Counsel (as well as their support staff).

2.4     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     <u>In-house Counsel</u>:  attorneys who are employees of a party to this action. In-house Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     <u>This Litigation</u>:  means the above-referenced matter or the related matter *Bernal v. Southwestern Pacific & Specialty Finance, Inc.,* Case No.  CV 12-05797-SBA, pending in the United States District Court for the Northern District of California.

2.10     <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11     <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12     <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13     <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14     <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees, agents and subcontractors.

2.15     <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as

"CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. The protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of This Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, *e.g.*, second paragraph of section 5.1(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

1    designated before the material is disclosed or produced.

2           Designation in conformity with this Order requires:

3           (a) for information in documentary form (*e.g.*, paper or electronic documents), that

4    the Producing Party affix the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

5    ATTORNEYS' EYES ONLY" to each page that contains Protected Material.  If only a portion or

6    portions of the material on a page qualifies for protection, the Producing Party also must clearly

7    identify the protected portion(s) (*e.g.,* by making appropriate markings in the margins) and must

8    specify, for each portion, the level of protection being asserted.

9           A Party or Non-Party that makes original documents or materials available for inspection

10   need not designate them for protection until after the inspecting Party has indicated which

11   material it would like copied and produced.  During the inspection and before the designation, all

12   of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

13   ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

14   copied and produced, the Producing Party must determine which documents, or portions thereof,

15   qualify for protection under this Order.  Then, before producing the specified documents, the

16   Producing Party must affix the appropriate designation ("CONFIDENTIAL" or "HIGHLY

17   CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected

18   Material. If only a portion or portions of the material on a page qualifies for protection, the

19   Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

20   markings in the margins) and must specify, for each portion, the level of protection being

21   asserted.

22          (b) for information that includes private personal data, in addition to the steps

23   noted above, data relating directly or indirectly to the defendant's customers (other than named

24   plaintiffs) from which the identity of the individual can be ascertained must be redacted from the

25   relevant records and documents to eliminate all such identifiers (*e.g.*, name, telephone number,

26   address, e-mail address, photo, identity card number, passport number) such that the relevant

27   records and documents are no longer considered to be containing personally identifying data.

28          (c) for testimony given in deposition or in other pretrial or trial proceedings, that

information not designated for protection during the course of the testimony may be subsequently designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" when the Designating Party provides the court reporter and the other Parties written notice within thirty (30) days after the transcript is available. The written notice shall identify the specific portions of the testimony as to which protection is sought and specify the level of protection being asserted.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.2    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.3     <u>Relevance of Designated Material</u>.     The designation of materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be construed as a concession by any Party that such information is relevant or material to any issue, but only that the Designating Party has a good faith belief that the designated information is in fact confidential, proprietary, or private information for which special protection from public disclosure is warranted under applicable state or federal law.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>.  Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within ten (10) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without Court intervention, the Challenging Party may move the Court for an order removing the designation within thirty (30) days of the initial notice of challenge.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  The Protected Material shall retain its original

designation until such time as the Court rules on the Challenging Party's motion.  The burden of proof shall be on the Designating Party to oppose the removal of the designation.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle This Litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as the regular employees of Outside Counsel of Record;

(b) the officers, directors, and employees (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for This Litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for This Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for This Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as the regular employees of Outside Counsel of Record;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for This Litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for This Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated by the Non-Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with This Litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall: (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in This Litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and (3) make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within fifteen (15) days of receiving the notice and accompanying information, the Receiving

Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the Party making the claim may notify any Party that received the information of the claim and the basis for it. After being notified, the Party must promptly return, sequester, or destroy the specified information and any copies it/he/she has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Party disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim. The producing Party must preserve the information until the claim is resolved.

**12.     MISCELLANEOUS**

12.1     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2     <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective

1    Order no Party waives any right it otherwise would have to object to disclosing or producing any

2    information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

3    no Party waives any right to object on any ground to use in evidence of any of the material

4    covered by this Stipulated Protective Order.

5         12.3    Filing Protected Material.  Without written permission from the Designating Party

6    or a court order secured after appropriate notice to all interested persons, a Party may not file in

7    the public record in this action any Protected Material.  A Party that seeks to file under seal any

8    Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected

9    Material may only be filed under seal pursuant to a court order authorizing the sealing of the

10   specific Protected Material at issue, and a sealing order will issue only upon a request establishing

11   that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise

12   entitled to protection under the law.

13   **13.    FINAL DISPOSITION**

14        Within sixty (60) days after the final disposition of this action, as defined in paragraph 4,

15   each Receiving Party must return all Protected Material to the Producing Party or destroy such

16   material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

17   compilations, summaries, and any other format reproducing or capturing any of the Protected

18   Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must

19   submit a written certification to the Producing Party (and, if not the same person or entity, to the

20   Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

21   the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

22   not retained any copies, abstracts, compilations, summaries or any other format reproducing or

23   capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

24   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

25   legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

26   product, and consultant and expert work product, even if such materials contain Protected

27   Material.  Any such archival copies that contain or constitute Protected Material remain subject to

28   this Stipulated Protective Order as set forth in Section 4 (DURATION).

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED: _____       _____
                                          Jeffrey Wilens
4                                         LAKESHORE LAW CENTER

5                                         *Attorneys for Plaintiffs*
                                          *Bill Graves and Minerva Lopez*
6

7

8    DATED: _____       _____
                                          Mark C. Dosker
9                                         SQUIRE SANDERS (US) LLP

10                                        *Attorneys for Defendant*
                                          *Southwestern & Pacific Specialty Finance, Inc.*
11

12

13        PURSUANT TO STIPULATION, IT IS SO ORDERED.

14

15   DATED: __3/28/2014_____       _____
                                        United States District Judge
16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>EXHIBIT A</u>**

2

**<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>**

3

     I, _____ [print or type full name], of _____

4

[print or type full address], declare under penalty of perjury that I have read in its entirety and

5

understand the Stipulated Protective Order that was issued by the United States District Court for

6

the Northern District of California on [date] in the case of *Bill Graves and Minerva Lopez v.*

7

*Southwestern & Pacific Specialty Finance, Inc.*, Case No. CV 13-1159-SBA**.**  I agree to comply

8

with and to be bound by all the terms of this Stipulated Protective Order and I understand and

9

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

10

of contempt.  I will not disclose in any manner any information or item that is subject to this

11

Stipulated Protective Order to any person or entity except in strict compliance with the provisions

12

of this Order.

13

     I further agree to submit to the jurisdiction of the United States District Court for the

14

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15

Order, even if such enforcement proceedings occur after termination of this action.

16

17

Date: _____          Signature: _____

18

19

20

21

22

23

24

25

26

27

28