UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BILL GRAVES and MINERVA LOPEZ, on behalf of themselves and all persons similarly situated,<br><br>            Plaintiffs,<br><br>    vs.<br><br>SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC. DBA CHECK 'N GO and Does 1 through 100 inclusive,<br><br>            Defendants. | Case No:  C 13-1159 SBA<br><br>**ORDER GRANTING MOTION TO FILE FIRST AMENDED COMPLAINT**<br><br>Docket 50 |

Plaintiffs Bill Graves ("Graves") and Minerva Lopez ("Lopez") (collectively, "Plaintiffs") bring the instant action on behalf of themselves and a putative class of similarly situated persons against Defendant Southwestern & Pacific Specialty Finance, Inc., dba Check 'N Go ("Defendant"), alleging that Defendant made consumer loans in violation of California Financial Code § 22000 et seq. and California Business and Professions Code § 17200 et seq. See Compl., Dkt. 1.  The parties are presently before the Court on Plaintiffs' motion for leave to file a first amended complaint ("FAC").  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Plaintiffs' motion, for the reasons stated below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.    LEGAL STANDARD**

Rule 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires." Fed.R.Civ.P. 15(a)(2).  "This policy is to be applied with

extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007) (citations and internal quotation marks omitted). The factors are not to be given equal weight. Eminence Capital, 316 F.3d at 1052. Prejudice to the opposing party must be given the greatest weight. Id. Absent prejudice, or a strong showing of bad faith, undue delay, or futility of amendment, there exists a presumption under Rule 15(a) in favor of granting leave to amend. Id. The party opposing the amendment carries the burden of showing why leave to amend should not be granted. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). The trial court has discretion to grant or deny leave to amend. See Cal. v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004).

## II.   DISCUSSION

Plaintiffs move for leave to amend the complaint to add three new plaintiffs and a claim under the California Consumer Credit Reporting Agencies Act ("CCRAA"). In response, Defendant does not oppose the addition of new plaintiffs. However, Defendant opposes Plaintiffs' request to add a CCRAA claim. Defendant contends that allowing Plaintiffs to add such a claim would be futile.

### A.   Futility of Amendment

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim or defense." Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). The proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6). Id.

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support

a cognizable legal theory.  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

### B.   Analysis

The CCRAA prohibits a person from "furnish[ing] information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."  Cal. Civ. Code § 1785.25(a).  Section 1785.25(g) provides a private right of action to enforce § 1785.25(a), and § 1785.31 provides various remedies for a consumer who suffers damages as a result of a violation of § 1785.25(a), including actual damages, attorneys' fees, and costs.  See Carvalho v. Equifax Info. Services, LLC, 629 F.3d 876, 888 (9th Cir. 2010) (the private right of action to enforce § 1785.25(a) is found in § 1785.25(g) and § 1785.31).

Here, the proposed FAC alleges that "Defendant furnished inaccurate or incomplete information to consumer reporting agencies . . . claiming that . . . [Plaintiffs] and the Class Members owed money on the[ir] . . . Installment Loans."  See Prop. FAC ¶¶ 51-52.  It further alleges that the consumer reporting agencies added the information provided by Defendant to the Plaintiffs' and Class Members' consumer files as "charge offs," "collection accounts," or "past due" accounts.  Id. ¶ 53.  Plaintiffs assert that the information provided by Defendant about the Plaintiffs' and Class Members' debt was "not accurate or complete because Plaintiffs and the Class Members were not legally obligated to repay the loans on the grounds that they were void."  Id. ¶ 55.  Plaintiffs further assert that Defendant "knew or should have known that particular information was incomplete or inaccurate" when it furnished information to the credit reporting agencies.  Id. ¶ 56.  According to Plaintiffs, they and Class Members suffered damages as a result of

Defendant's false reporting of their debt in the form of adverse impact to their credit scores and credit ratings, including the denial of credit and increased financing charges. Id. ¶ 59. Plaintiffs also claim that they were "blacklisted" from opening checking accounts as a result of Defendant's conduct. Id.

The Court finds that Defendant has failed to sustain its burden to demonstrate that leave to amend should be denied. Defendant has not shown that granting leave to amend would be futile on the ground that the proposed FAC fails to allege sufficient facts to state a cognizable claim for relief under the CCRAA. Further, the Court is not persuaded by Defendant's contention that Plaintiffs' CCRAA claim fails as a matter of law because "unless and until the Court declares Plaintiffs' [Installment Loan Agreements] unconscionable, reporting [to consumer reporting agencies] before then that Plaintiffs owe money to [Defendant] is accurate and complete under Section 1785.25(a) of the CCRAA." Defendant has not proffered any authority supporting such a proposition. Nor has Defendant otherwise shown that Plaintiffs' CCRAA claim fails as a matter of law. Accordingly, Plaintiffs' motion for leave to file a FAC is GRANTED. Defendant's arguments are insufficient to overcome Rule 15(a)'s liberal policy in favor of permitting amendments to pleadings.

## III.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.  Plaintiffs' motion for leave to file a FAC is GRANTED. Plaintiffs shall file the proposed FAC within seven (7) days from the date this Order is filed.

2.  This Order terminates Docket 50.

IT IS SO ORDERED.

Dated: 5/5/2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge